UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

7-ELEVEN, INC., a Texas corporation, )
)
Plaintiff, )
)
vs. ) Case No.: 6:08-cv-2091-ORL-35-GJK
)
JANE L. GEORGE, an individual, and )
SARAH'S BIG TREE GAS & GO, LLC, )
a Florida limited liability corporation, )
)
Defendants. )
_____/

## COMPLAINT

Plaintiff, 7-Eleven, Inc. ("7-Eleven"), sues Defendants, Jane L. George ("George") and Sarah's Big Tree Gas & Go, LLC ("SGG"), and alleges:

1. Jurisdiction in this Court is founded upon diversity of citizenship, 28 U.S.C. § 1332, the parties being citizens of different states and the matter in controversy in excess of $75,000.00 exclusive of interest and costs.

2. Plaintiff 7-Eleven is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Dallas, Texas. 7-Eleven is one of the largest convenience store franchise systems in the United States, and the premier name and largest chain in the convenience retailing industry. Through its franchise system, 7-Eleven markets, promotes, and provides products and services to its customers throughout the United States. In order to identify its stores, products and services, 7-Eleven allows its franchisees to utilize the 7- Eleven trademarks and tradenames in connection with the operation, advertising and identification of its convenience stores.

3. Defendant SGG is a limited liability corporation organized and existing under the laws of the State of Florida with its principal place of business in Daytona Beach, Volusia County, Florida.

4. The manager and sole member of SGG is Defendant George. George is a resident and citizen of Volusia County, Florida.

5. In July of 2007, 7-Eleven, as franchisor, and George, as franchisee, entered into a Business Conversion Franchise Agreement ("**the franchise agreement**") for the operation of a 7-Eleven® store located at 1898 S. Clyde Morris Blvd., #200, in Daytona Beach, Florida ("**the Daytona Beach franchise**").

6. In August of 2007, George assigned her interest in the Daytona Beach franchise to SGG. George guaranteed the obligations of SGG to 7-Eleven under the terms of the operative franchise agreement.

7. SGG began conducting its business as a 7-Eleven branded convenience store in Daytona Beach, Florida during October 2007 and continues in that business to the present day.

8. Between October 23, 2007 and November 4, 2008, 7-Eleven mistakenly made a series of deposits into an account held by George and SGG totaling **$4,954,614.06.**

9. 7-Eleven has made a demand to George and agents of SGG for return of the mistakenly-transferred funds. Despite 7-Eleven's demand, George and SGG have not returned 7-Eleven's funds.

10. All conditions precedent to this action have occurred, have been satisfied or otherwise have been waived.

## COUNT I: MONEY HAD AND RECEIVED

11. 7-Eleven realleges paragraphs 1 through 10 above.

12. 7-Eleven mistakenly conferred a benefit on George and SGG.

13. George and SGG are and were aware of the conferral of this benefit and nevertheless retained it.

14. George and SGG are without reason or justification in retaining the benefit.

15. George and SGG are unjustly enriched and it would be inequitable under the circumstances for them to retain this benefit without payment to 7-Eleven.

16. There is a substantial likelihood that George and SGG will abscond with the funds, or what remains of them, if emergency interim relief is not granted.

**WHEREFORE,** Plaintiff, 7-Eleven, Inc., demands judgment in its favor and against Defendants, Jane L. George and Sarah's Big Tree Gas & Go, LLC, for damages in the amount of the unjust enrichment, interest and costs and for a lien on the mistakenly-transferred funds and any proceeds thereof. Plaintiff further requests preliminary injunctive relief imposing a constructive trust on the funds mistakenly transferred to Defendants and enjoining Defendants' use or dissipation of the funds and any proceeds thereof along with any property traceable thereto pending hearing and trial in this matter.

## COUNT II: CONVERSION

17. 7-Eleven realleges paragraphs 1 through 10 above.

18. George and SGG have no legitimate claim to the mistakenly deposited money.

19. Despite 7-Eleven's demand for return of its funds, George and SGG have refused to return the funds, wrongfully asserting dominion and control over 7-Eleven's funds and depriving 7-Eleven of its right to possession of the funds.

20. There is a substantial likelihood that George and SGG will abscond with the funds, or what remains of them, if emergency interim relief is not granted.

**WHEREFORE,** Plaintiff, 7-Eleven, Inc., demands judgment in its favor and against Defendants, Jane L. George and Sarah's Big Tree Gas & Go, LLC, for damages, interest and costs and for a lien on the mistakenly-transferred funds and any proceeds thereof. Plaintiff further requests preliminary injunctive relief imposing a constructive trust on the funds

mistakenly transferred to Defendants and enjoining Defendants' use or dissipation of the funds and any proceeds thereof along with any property traceable thereto pending hearing and trial in this matter.

                Respectfully submitted,

                _____
                Christian C. Burden
                Florida Bar No.: 0065129
                christian.burden@dlapiper.com
                **DLA PIPER US LLP**
                100 N. Tampa St., Ste. 2200
                Tampa, Florida 33602
                Phone : 813/229-2111
                FAX:   813/229-1447
                Attorneys for Plaintiff